UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

DeWayne A. Morgan                                                                    Plaintiff

v.                                                                                   No. 5:24-cv-43-BJB

Hopkinsville Police Department,                                                      Defendants
et al.

*****

<u>Memorandum Opinion & Order</u>

      DeWayne Morgan sued the Hopkinsville Police Department, four of its officers, and six United States Postal Service employees. Amended Complaint (DN 1-1) at 2. Morgan sought $3 million from the USPS Defendants,[1] alleging that they violated his First Amendment right to free speech when they called police officers on him for filming inside a post office. *See id*. at 1–2. And Morgan sued the City Defendants[2] for $8 million based on alleged First, Fourth, Fifth, and Fourteenth Amendment violations during his arrest. *See id*. at 1–2.

      All Defendants moved to dismiss the claims against them. DNs 4 & 5. Morgan never responded to those motions—despite this Court ordering him to do so and warning that failure to do so could lead the Court to "dismiss this case." DN 6. And the City Defendants have filed a second motion to dismiss—both on the merits and for failure to prosecute. DN 7. Morgan hasn't responded to that motion, either.

      Morgan's failure to prosecute and failure to comply with a court order both could independently justify dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").

      Courts consider four factors, none of which is dispositive, in determining whether to dismiss a matter under Rule 41: "1) whether the party's failure was due to willfulness, bad faith or fault; 2) whether the adversary was prejudiced by the failure; 3) whether the party was warned that its failure could lead to the sanction; and 4) whether less drastic sanctions were first imposed or considered." *Spencer v.*

---

[1] Isaac Camacho, Mickey Moore, Elizabeth Waldrop, Dexter Hopson, Mary McGee, and Kevin Manigault.

[2] The Hopkinsville Police Department, Major Ceasar Sierra, Captain Todd DeArmond, Sergeant Jeremy Davidson, and Officer Jerimiah Kline.

1

*Drive-In of Evansville, Inc.*, No. 4:18-cv-101, 2019 WL 460393, at *1 (W.D. Ky. Feb. 5, 2019) (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Here, those factors weigh in favor of dismissal. Morgan, at the very least, is at fault for failing to prosecute his case or respond to the Defendants. Next, this failure has prejudiced the Defendants because they have been "required to waste time, money, and effort in pursuit of cooperation which [Morgan] was legally obligated to provide." *See Harmon v. CSX Trans., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Third, this Court warned Morgan that failure to respond to the motions could lead to dismissal. Last, the Court imposed "the less drastic sanction" of allowing Morgan additional time to respond to the motions to dismiss. *See Ellison v. Beavers*, No. 5:18-cv-74, 2021 WL 1069043, at *2 (W.D. Ky. Mar. 19, 2021).

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency with respect to court deadlines and other procedures readily understood by laypersons, particularly where there is a failure to pursue a case. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110) ("[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."). Courts have inherent authority, furthermore, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Morgan's unresponsiveness to the Defendants' filings and the Court's orders justifies dismissal here.

Morgan's claims appear to fail for other reasons, too. Even accepting his non-conclusory allegations as true and reading them in the light most favorable to the pro se plaintiff, his claims are time-barred and legally insufficient to establish liability against any defendant.

As to the USPS Defendants, his Complaint offers little guidance. It doesn't specify how the USPS Defendants' conduct offends the First Amendment or justifies recovery. The USPS Defendants' motion to dismiss assumes, consistent with other decisions from within this Circuit, that *Bivens* supports an implied right to recover against postal workers. *See* DN 4 at 1; *Oatman v. Potter*, 92 Fed. App'x 133, 141–42 (6th Cir. 2004) (recognizing USPS employees as federal officials subject to *Bivens* claims); *Tunne v. Paducah Police Dep't*, No. 5:08-cv-188, 2010 WL 323547, at *9 (W.D. Ky. Jan. 21, 2010) (same). Even assuming that is correct, the claim still fails because *Bivens* doesn't extend to First Amendment retaliation. *See Egbert v. Boule*, 596 U.S. 482, 499 (2022) ("[T]here is no *Bivens* action for First Amendment retaliation.").

And the claim would be time-barred in any event. *Bivens* claims borrow the personal-injury statute of limitations from the state in which the claim arose. *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017). In Kentucky, a one-year

statute of limitations applies to personal-injury claims. KRS § 413.140(1)(a); *see Wood v. Malony,* No. 4:07-cv-90, 2009 WL 3806794, at *4 (W.D. Ky. Nov. 12, 2009) (citing *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987)). The "statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint." *Wood*, 2009 WL 3806794, at *4 (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)).

Here, Morgan knew or should've known of his alleged injuries on the day when he was arrested at the post office: February 14, 2022. *See* Amended Complaint at 1. But he didn't file his complaint until February 13, 2024—two years later. Because he offers no explanation for this delay, the allegations "affirmatively show that the claim is time-barred," so "dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations … show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

As to the City Defendants, Morgan's claims (even assuming he had pursued them) would be barred by the statute of limitations and immunity. The First Amendment violation, Morgan maintains, occurred when Officer Sierra arrested him for insulting police. *See* Amended Complaint at 1. The Fifth Amendment violation allegedly occurred when these Defendants threatened to detain Morgan for several days until he eventually identified himself. *See id.* at 1. He alleges that he was arrested beyond the Hopkinsville Police Department's jurisdiction, held illegally for over nine hours, and suffered his injuries because the Department failed to properly train its officers on the rights of citizens. *See id.* at 1–2. Assuming, like the Defendants, that these claims arise under 42 U.S.C. § 1983, *see* DN 5 at 1, those claims are untimely. Just as *Bivens* claims borrow the personal-injury statute of limitations from the state in which they arose, so too do § 1983 claims. *See Zappone*, 870 F.3d at 559. Because Morgan didn't file his Complaint against the City Defendants until more than a year after the statute of limitations expired (as discussed above), his § 1983 claims fail based on the same untimeliness that defeated his *Bivens* claim.

Separately, Morgan's claims against the Hopkinsville Police Department fail categorically because that entity is immune from suit. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued."); *see also Meeks v. Franklin County.*, No. 3:18-cv-69, 2019 WL 1645209, at *1 (E.D. Ky. Apr. 16, 2019) (collecting cases holding that police departments are not subject to money damages under § 1983). The Department therefore cannot be liable for the injuries Morgan alleges.

## CONCLUSION

For the foregoing reasons, the Court grants the Defendants' motions to dismiss (DNs 4, 5 & 7) without prejudice.

3

Benjamin Beaton, District Judge
United States District Court
December 11, 2024